Gregory G. Barnett (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY and
POLING & CUTLER MARINE
TRANSPORTATION, INC.

        Plaintiffs,

    - against -

M/V GULF SERVICE and BARGE ENERGY 9801
their engines, boilers, tackle, furniture, apparel, etc.,
*in rem*, and HORNBECK OFFSHORE SERVICES,
INC., *in personam*

        Defendants.
-------------------------------------------------------------X



2007 Civ. 11283

**COMPLAINT**



    Plaintiffs, FIREMAN'S FUND INSURANCE COMPANY and POLING & CUTLER MARINE TRANSPORTATION, INC. (hereinafter "Plaintiffs"), by and through their attorneys, Casey & Barnett, LLC as and for their Complaint against the M/V GULF SERVICE and BARGE ENERGY 9801, their engines, boilers, tackle, furniture, apparel, etc., *in rem* and Hornbeck Offshore Services, Inc., *in personam*, alleges upon information and belief as follows:

### PARTIES

    1.    At all material times, Fireman's Fund Insurance Company (hereinafter "FFIC") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, NY

10005 and is the insurer of Poling & Cutler Marine Transportation and the motor tanker named M/T JOHN B. CADDELL.

2. At all material times, Poling & Cutler Marine Transportation Inc. was a corporation organized and existing under the laws of New York State with an office and place of business located at 156-22 99th Street, Howard Beach, New York 11414 and was the owner of the M/T JOHN B. CADDELL.

3. Upon information and belief, at all material times, defendant, Hornbeck Offshore Services, Inc. was and a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 103 Northpark Boulevard Suite 300 Covington, LA 70433 and who was at all times acting as the owner, operator and/or manager of the M/V GULF SERVICE and BARGE ENERGY 9801.

4. Upon information and belief, at all times hereinafter mentioned, defendant M/V GULF SERVICE was and still is a vessel utilized for towing operations for hire and is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

5. Upon information and belief, at all times hereinafter mentioned, defendant, BARGE ENERGY 9801 was and still is a barge used in the commercial transportation of petroleum products and is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

## JURISDICTION

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

7. On or about December 23, 2004, the M/T JOHN B. CADDELL was traveling northbound on the Arthur Kill waterway between Staten Island and New Jersey near buoy number 32.

8. On or about December 23, 2004, the tug M/V GULF SERVICE was towing BARGE ENERGY 9801 southbound on the Arthur Kill waterway.

9. At approximately 1750 hours, the tug M/V GULF SERVICE caused the BARGE ENERGY 9801 to collide with the M/T JOHN B. CADDELL.

10. As a result of the collision, the M/T JOHN B. CADDELL sustained damages in the amount of $103,654.92. In addition, Poling & Cutler Marine Transportation, Inc. sustained a loss in the amount of $250,000 for loss of use of the M/T JOHN B. CADDELL.

11. The collision between the M/V GULF SERVICE and the M/T JOHN B. CADDELL was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the unseaworthiness, negligence, fault, neglect and gross negligence of Hornbeck Offshore Services, Inc. and/or its representatives and the M/V GULF SERVICE.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between Poling & Cuter Marine Transportation Inc. and FFIC, which provided coverage for, among other things, loss or damage to the M/V JOHN B. CADDELL.

13. Pursuant to the aforementioned contract of insurance between Poling & Cutler Marine Transportation Inc. and FFIC, monies have been and will be expended on behalf of Poling & Cutler Marine Transportation Inc. in the amount of $78,354.92 to the detriment of FFIC due to the damages sustained as a result of the collision.

14. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

15. Plaintiffs bring this action on their own behalf and as agents and/or trustees on behalf of and for the interest of all parties who may be or become interested as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

16. By reason of the foregoing, plaintiffs have sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $353,654.92.

17. Plaintiffs have a maritime lien against the M/V GULF SERVICE and BARGE ENERGY 9801 for the damages referred to herein and will enforce that lien in these proceedings.

18. All and singular the matters alleged herein are true and correct. Plaintiffs reserve the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V GULF SERVICE and BARGE ENERGY 9801 their engines, boilers, tackle, furniture, apparel, etc.; that the vessels be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $353,654.92 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V GULF SERVICE and BARGE ENERGY 9801, their engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants Hornbeck Offshore Services and M/V GULF SERVICE be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 14, 2007
299-273

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225