LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendants
HORNBECK OFFSHORE TRANSPORTATION, LLC and
HORNBECK OFFSHORE SERVICES, LLC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FIREMAN'S FUND INSURANCE COMPANY and
POLING & CUTLER MARINE
TRANSPORTATION, INC.

                                           Plaintiffs,

    - against -

M/V GULF SERVICE and BARGE ENERGY 9801
their engines, boilers, tackle, furniture, apparel, etc.,
*in rem,* and HORNBECK OFFSHORE
TRANSPORTATION, LLC and HORNBECK
OFFSHORE SERVICES, LLC., *in personam*

                                     Defendants.
------------------------------------------------------------------x

07 Civ. 11283 (GBD)

**ANSWER TO AMENDED
COMPLAINT and
<u>COUNTERCLAIM</u>**

      Defendants HORNBECK OFFSHORE TRANSPORTATION, LLC ("HOT") AND HORNBECK OFFSHORE SERVICES, LLC ("HOS"), (collectively referred to as "Hornbeck" or "Defendants") by their attorneys, Lyons & Flood, LLP, answering Plaintiffs' Amended Complaint, alleges upon information and belief as follows:

      1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

      2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

3. Admit that Defendant HOT is a corporation organized by the virtue of a foreign state and maintains an office and place of business at 103 Northpark Boulevard, Suite 300, Covington, LA 70433 and that HOT owned and operated the Tug GULF SERVICE and the Tank BARGE ENERGY 9801 at all relevant times.

4. Admit that Defendant HOS is a corporation organized by the virtue of a foreign state and maintains an office and place of business at 103 Northpark Boulevard, Suite 300, Covington, LA 70433, but except as so specifically admitted, Deny the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5. Admit the Tug GULF SERVICE was and still is a vessel utilized for towing operations for hire, but except as so specifically admitted, deny the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6. Admit the BARGE ENERGY 9801 was and still is a vessel used in the commercial transportation of petroleum products, but except as so specifically admitted, deny the remaining allegations contained in Paragraph 6 of the Amended Complaint.

7. Admit the allegations in Paragraph 7 of the Amended Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Admit the allegations contained in Paragraph 9 of the Amended Complaint.

10. Deny the allegations contained in paragraph 10 of the Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17. Deny Plaintiffs' prayer for relief.

18. Deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Deny the allegations contained in paragraph 19 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

20. The Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

21. Plaintiff Fireman Fund's Insurance Company is not the real party in interest and is not entitled to maintain this action.

### THIRD AFFIRMATIVE DEFENSE

22. The damages claimed by the Plaintiffs herein were not caused or contributed to by any fault, negligence or breach of duty on the part of Hornbeck and were occasioned and incurred without the privity or knowledge of Defendants, or their directors, officers, stockholders or managing agents.

**FOURTH AFFIRMATIVE DEFENSE**

23. Hornbeck alleges that at all material times the Tug GULF SERVICE and Tank BARGE ENERGY 9801 were in all respects seaworthy and properly manned and that if Plaintiffs' suffered any damage, which is denied, then such damage was caused by the unseaworthiness of the M/T JOHN B. CADDEL and the negligence of those in charge of the navigation of said vessel.

**FIFTH AFFIRMATIVE DEFENSE**

24. Plaintiffs have failed to properly and fully mitigate their damages.

**SIXTH AFFIRMATIVE DEFENSE**

25. Defendants specifically reserve the right to file a supplemental or amended answer alleging such other or different answers as evidence may be disclosed and further reserves the right to bring cross-claims or third-party Complaints against other parties as may be found to be responsible for the Plaintiffs' damages, if any.

**AS AND FOR A COUNTERCLAIM AGAINST POLING & CUTLER MARINE TRANSPORTATION, INC., HORNBECK OFFSHORE TRANSPORTATION LLC ALLEGES AS FOLLOWS:**

26. Hornbeck repeat and reallege the allegations, admissions and denials contained in paragraphs 1 to 25 as if fully set forth herein.

27. On or about December 23, 2004, the Tug GULF SERVICE was towing the BARGE ENERGY 9801 (collectively referred to as the "HORNBECK UNIT"), southbound on the Arthur Kill Waterway.

28. On or about December 23, 2004, the M/T JOHN B. CADDELL, a vessel owned and operated by POLING & CUTLER MARINE TRANSPORTATION, INC. ("POLING") was traveling northbound on the Arthur Kill waterway.

29.     At approximately 1750 hours, the M/T JOHN B. CADDELL collided with the BARGE ENERGY 9801.

30.     The collision between the M/V JOHN B. CADDELL and the HORNBECK UNIT, was not the result of any act or omission of Hornbeck, but to the contrary, was due solely as a result of the unseaworthiness, fault, neglect, negligence or gross negligence of the M/V JOHN B. CADDELL and her crew.

31.     As a result of the collision, the BARGE ENERGY 9801 sustained minor damage which was repaired by Hornbeck at a cost of approximately $7,500 dollars, as nearly as can now be calculated, no part of which has been paid by POLING, although duly demanded.

WHEREFORE, Defendants HORNBECK OFFSHORE TRANSPORTATION, LLC and HORNBECK OFFSHORE SERVICES, LLC, pray:

a.     that judgment be entered dismissing Plaintiffs' Amended Complaint in its entirety and awarding Defendants their costs and disbursements incurred in this matter; and

b.     that judgment be entered in favor of Defendants and against POLING, for approximately $7,500 as stated in the Counterclaim, with interest, costs and attorneys' fees; and,

c.     that this Court retain jurisdiction over this matter through the entry of a final judgment, and any appeals thereof; and

d.     that Defendants have such other, further, and different relief as this Court may deem just and proper.

Dated: New York, New York
       February 6, 2008

LYONS & FLOOD, LLP
Attorneys for Defendants
HORNBECK OFFSHORE TRANSPORTATION, LLC
and HORNBECK OFFSHORE SERVICES, LLC.

By: _____
Edward P. Flood (EPF-5797)
Lyons & Flood, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

TO:   Casey & Barnett, LLC
      Attorneys for the Plaintiffs
      Gregory G. Barnett, Esq.
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225

U:\FLOODDOC\2617001\Pleadings\Amended Answer with counter-claim.doc

## **CERTIFICATE OF SERVICE**

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for Defendants HORNBECK OFFSHORE TRANSPORTATION, LLC and HORNBECK OFFSHORE SERVICES, LLC, with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On February 6, 2008, I served true copies of the Answer to Amended Complaint and Counterclaim upon:

>Casey & Barnett, LLC
>Attorneys for the Plaintiffs
>Gregory G. Barnett, Esq.
>317 Madison Avenue, 21st Floor
>New York, New York 10017

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: February 6, 2008

_____
Erika Tax

U:\FLOODDOC\2617001\Pleadings\Amended Answer with counter-claim.doc